[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner was originally charged with the crime of attempted murder in violation of Connecticut General Statutes Section 53a-49 and 53a-54a.
Plea negotiations resulted in the filing of a substitute information charging him with Assault 1st degree in violation of Connecticut General Statutes Section 53a-59(a)(1) which elements include the intentional infliction of serious physical injury to another person by means of a dangerous instrument. The petitioner pleaded guilty to the substitute information. The "plea agreement" was a recommendation by the State for the twenty year maximum penalty with defense counsel reserving the right to argue for less.
The petitioner was sentenced to the maximum term of twenty years.
Defense counsel provided the members of the Review Division with a memorandum in support of his position in which he submits statistics to indicate that nearly 80% of those convicted in the Judicial Districts of Ansonia/Milford and Bridgeport received split sentences of ten years or less with probationary terms to follow incarceration.
The Division again points out that statistical comparisons are of little value. We have no knowledge of the nature of the crimes, the backgrounds of the individuals sentenced, and all of the myriad factors which a sentencing court considers in determining the appropriate sentence to impose.
This was a crime of extreme brutality. The victim was left with a permanent and serious impairment. She was garroted by the petitioner with a necktie and strangled to CT Page 270 unconsciousness. The resultant loss of oxygen left her with neurological damage and she was fortunate to have survived the attack at all. She remained unconscious for two days and required extensive rehabilitative treatment. Her gait, her speech and her motor functions are permanently impaired, not unlike the victim of a stroke. The sentencing court had the opportunity to see and hear the victim. It commented that it felt limited by the maximum penalty of twenty years.
That the petitioner may have committed this most heinous crime as the result of cocaine or other substance abuse does not mitigate the offense.
The Division finds that in light of the nature of the offense, the character of the petitioner, the requirement for protection of the public, as well as the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended, the sentence imposed was not inappropriate, disproportionate or excessive.
Accordingly, it is affirmed.
KLACZAK, J. PURTILL, J. NORKO, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.